**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ROTHSCHILD & CO CONTINUATION HOLDINGS A.G., ROTHSCHILD & CO NORTH AMERICA INC., ROTHSCHILD & CO US INC., and ROTHSCHILD & CO ASSET MANAGEMENT US INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VAL SKLAROV, BENTLEY ROTHSCHILD CAPITAL LIMITED, a Georgia corporation, BENTLEY ROTHSCHILD CAPITAL LIMITED, a St. Kitts and Nevis entity, BENTLEY ROTHSCHILD FINANCIAL LLC, a Wyoming limited liability company, AMERICA 2030 CAPITAL, LLC, a Colorado limited liability company, AMERICA 2030 CAPITAL LIMITED, a Colorado corporation, BLACK ROCK CAPITAL LLC, a Bahamian limited liability company, and XYZ CORPORATION (1-10 fictitious names),**<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

1

## COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Rothschild & Co Continuation Holdings AG ("R&CoCH"), Rothschild & Co North America Inc. ("R&CoNA"), Rothschild & Co US Inc. ("R&CoINC"), and Rothschild & Co Asset Management US Inc. ("R&CoAM") (collectively, the "Rothschild & Co Plaintiffs"), by their attorneys, DLA Piper LLP (US), for their Complaint for trademark infringement, trademark dilution, unfair competition, injunctive relief and damages against the above-named defendants, allege as follows:

### Introduction

1.      The Rothschild & Co Plaintiffs are part of the Rothschild & Co Group, which provides financial services throughout the world.  The Rothschild & Co Group is controlled by members of the well-known and world famous Rothschild Family, as described in detail below.  The Rothschild & Co Plaintiffs conduct financial services businesses throughout the United States and the world, and have established valuable goodwill and reputation in famous trademarks containing "Rothschild."  The "Rothschild" name is one of the strongest and most respected in the world for financial services.

2

2.      The Rothschild & Co Plaintiffs are the registered owner or are licensees of two United States registered trademarks, ROTHSCHILD and ROTHSCHILD & CO, and have used those trademarks extensively in offering and providing financial services to the public in the United States.

3.      Defendant Val Sklarov ("Sklarov") is a Georgia resident who has been previously convicted of Medicare fraud and money laundering, and has served time in federal prison.   He has also been found to be a cybersquatter who has registered domain names containing third-party financial trademarks in bad faith.

4.      Upon information and belief, defendants Bentley Rothschild Capital Limited, a Georgia corporation ("BRC GA"), Bentley Rothschild Capital Limited, a St. Kitts and Nevis corporation ("BRC SK"), Bentley Rothschild Financial LLC ("BRF"), Black Rock Capital LLC ("Black Rock"), America 2030 Capital, LLC ("Am LLC"), and America 2030 Capital Limited ("Am Ltd") (collectively the "Sklarov Corporate Defendants"), are entities created by or at the direction of Sklarov.  Upon information, Sklarov has used and is using the Sklarov Corporate Defendants, and other entities whose identities are as yet unknown to the Rothschild & Co Plaintiffs, and are sued herein as XYZ Corporation, as vehicles to commit trademark infringement, fraud, and other violations of the rights of third parties.

5.      As detailed below, Sklarov, acting through and together with the Sklarov Corporate Defendants (collectively, the "Sklarov Defendants") is carrying out a scheme of deception of the public and willful infringement of the Rothschild & Co Plaintiffs' valuable intellectual property rights in the ROTHSCHILD and ROTHSCHILD & CO trademarks, and wrongfully trading upon the goodwill associated with those marks and the reputation of the Rothschild & Co Group and Rothschild Family.  The Sklarov Defendants have carried out this scheme by, among other things, (a) creating companies with "Bentley Rothschild" in their corporate names, including defendants BRC GA, BRC SK, and BRF, (b) through these companies, offering and providing to the public purported financial services, many of which appear to be the same or similar to those offered by the Rothschild & Co Plaintiffs, under the confusingly similar mark BENTLEY ROTHSCHILD, (c) offering "Bentley Rothschild" financial services through the website www.bentleyrothschild.com (the "Infringing Website"), and (d) in claiming that "Bentley Rothschild" is associated with or functions in the tradition of the famous Rothschild Family.  In fact, no one in the Rothschild Family, and upon information and belief, no one named "Bentley Rothschild" or having the surname "Rothschild," has any connection with the Sklarov Defendants.

6.     As detailed below, the acts of the Sklarov Defendants infringe the Rothschild & Co Plaintiffs' registered and common-law trademarks, are likely to result in confusion and deception among potential consumers of financial services, and the false belief that BRC and BRF are affiliated or associated with, or sponsored or endorsed by, the Rothschild & Co Plaintiffs, dilute through tarnishment the Rothschild & Co Plaintiffs' registered trademarks, constitute unfair competition, and constitute unfair and deceptive trade practices.  As a consequence of the Sklarov Defendants' wrongful activities, the Rothschild & Co Plaintiffs are suffering irreparable harm which will continue unless enjoined by this Court.

## <u>Nature of the Action</u>

7.     This is an action for federal trademark infringement, trademark dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the Georgia anti-dilution act, O.C.G.A. § 10-451; for unfair and deceptive trade practices under O.C.G.A. § 10-1-370 *et seq.*; for unfair competition under O.C.G.A. § 23-2-55; and for trademark infringement and unfair competition under the common law of Georgia.

## Parties

8.     Plaintiff R&CoCH is a joint stock company organized under the laws of Switzerland, located and doing business at Baarerstrasse 95, Zug 6300, Switzerland.

9.     Plaintiff R&CoNA is a corporation organized under the laws of Delaware, located and doing business at 1251 Avenue of the Americas, New York, New York 10020-1104.

10.    Plaintiff R&CoINC is a corporation organized under the laws of Delaware, located and doing business at 1251 Avenue of the Americas, New York, New York 10020-1104.

11.    Plaintiff R&CoAM is a corporation organized under the laws of New York, located and doing business at 1251 Avenue of the Americas, New York, New York 10020-1104.

12.    Upon information and belief, Defendant Val Sklarov is a resident of Georgia, with a personal domicile at 142 Gold Springs Court, Canton, Georgia, 30114, and conducts business at 1301 Shiloh Rd., NW, Kennesaw, Georgia, 30144.

13.    Upon information and belief, Sklarov caused Defendant BRC GA to be organized.  Upon information and belief, BRC GA is a corporation organized under the laws of Georgia with a principal office address of 1301 Shiloh Rd., NW,

6

Kennesaw, Georgia, 30144 or 1201 W. Peachtree Street, Suite 2300, Atlanta, Georgia.  Upon information and belief, Sklarov is listed as BRC GA's CEO, CFO, and Secretary.  Upon information and belief, Sklarov also caused BRC SK, another entity by the name "Bentley Rothschild Capital Limited," to be organized and/or registered in St. Kitts and Nevis.

14.    Upon information and belief, Sklarov caused Defendant BRF to be organized.  Upon information and belief, BRF is a limited liability company organized under the laws of Wyoming with a principal office address of 736 Western Avenue, Suite 301, Lake Forest, Illinois, 60045.

15.    Upon information and belief, Sklarov caused Defendant Black Rock to be organized.  Upon information and belief, Black Rock is a limited liability company organized under the laws of Bahamas with a principal office address of Old Fort #4, Western Road, SP-63 771, Nassau, New Providence, Bahamas.  Black Rock is listed on the online records of the USPTO as the record owner of U.S. Trademark Application No. 88457938 for "BENTLEY ROTHSCHILD" filed on June 3, 2019 claiming various financial services in International Class 036.  A copy of a printout of the application taken from the www.uspto.gov website, is attached as **Exhibit A** (the "'938 Application").  The '938 Application was signed on June 3, 2019 by JT Singh (a/k/a Jaitegh Singh, Esq.) on behalf of Black Rock as its "General

Counsel," under 15 U.S.C. § 1051(b).  Upon information and belief, Singh also functions as Sklarov's personal and business attorney.

16.    Upon information and belief, Sklarov caused Defendant Am LLC to be organized.  Upon information and belief, Am LLC is a limited liability company organized under the laws of Colorado with a principal office address at 1301 Shiloh Road NW, Suite 1231, Kennesaw, Georgia, 30144.

17.    Upon information and belief, Sklarov caused Defendant Am Ltd to be organized.  Upon information and belief, Am Ltd is a corporation organized under the laws of Colorado with a principal office address at 1201 West Peachtree Street, Suite 2300, Atlanta, Georgia, 30309.

18.    Upon information and belief, Sklarov has directed, controlled, ratified, participated in, and/or was the moving force behind all infringing and unlawful acts and activities alleged herein, and is therefore personally liable for such infringement.

19.    Upon information and belief, Sklarov exercises dominion and control over BRC GA, BRC SK, BRF, Black Rock, Am LLC and Am Ltd, and disregards the separateness of those legal entities to such an extent that this these entities are used by Sklarov as a mere instrumentality for Sklarov to perpetrate his unlawful and fraudulent schemes, as described below, and to evade liability for his acts.  Upon information and belief, all acts undertaken through the Sklarov Corporate

Defendants, including the infringing and wrongful acts alleged herein, were directed by Sklarov.  As such, the independent existence of those entities should be disregarded by the Court, rendering such entities subject to this Court's personal jurisdiction if they are not otherwise subject, and rendering Sklarov personally liable for acts purportedly undertaken through such corporate entities.

20.     Defendants XYC Corp. 1-10 are corporations, limited liability companies, partnerships, limited partnerships, or another form of limited liability entity which, upon information and belief, are owned or controlled by Sklarov, directly or through one or more of the other Sklarov Corporate Defendants.  At present, Rothschild & Co Plaintiffs are unable to provide additional details concerning the identity or existence of these fictitious defendants, but expects to be in a position to do so in the future following discovery, and at that time will amend or supplement this Complaint.

## Jurisdiction and Venue

21.     This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121(a) because plaintiffs' claims arise under the Lanham Act, 15 U.S.C. §1051 *et seq*.  The court should also exercise supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367(a), because those claims are

substantially related to the federal claims such that they form part of the same case or controversy.

22.     This Court also has jurisdiction over this action under 28 U.S.C. §1332(a) because it is between citizens of different States and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

23.     This Court has general and specific personal jurisdiction over Sklarov because he is a resident of Georgia and is domiciled in this judicial district.  Upon information and belief, Sklarov has also engaged in the infringing and unlawful activities that are the subject of this action within Georgia and this judicial district, and has directed the activities of the other Sklarov Defendants while within the State of Georgia and this judicial district.

24.     This Court has general and specific personal jurisdiction over BRC GA, which is a Georgia corporation with a principal office address within this judicial District and does business within Georgia.  Upon information and belief, BRC GA has also engaged in the infringing and unlawful activities that are the subject of this action within the State of Georgia and this judicial district.

25.     This Court has general and specific personal jurisdiction over the other Sklarov Corporate Defendants because they are alter egos of Sklarov, over whom

the Court has general and specific jurisdiction.  Moreover, the Court has specific jurisdiction over the other Sklarov Defendants in that they have worked in concert with and have been directed by Sklarov to engage in the infringing and unlawful activities that are the subject of this action.  Further, upon information and belief, the other Sklarov Corporate Defendants have committed acts of trademark infringement and unfair competition during the course of business in this judicial District.

26.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c) and Local Rule 3.1(B).

## <u>Facts Common To All Claims</u>

**History of the Rothschild Family and the Rothschild & Co Group**

27.     The Rothschild & Co Plaintiffs are part of the Rothschild & Co Group, which provides financial services throughout the world.  The Rothschild & Co Group is controlled by members of the famous Rothschild Family, who trace their common ancestry (through the male line) to Mayer Amschel Rothschild (1744-1812).  Mayer Amschel Rothschild's five sons established themselves in five separate cities, Paris, London, Vienna, Frankfurt and Naples.  The dispersed branches of the Rothschild Family proved extraordinarily successful, and the Rothschild Family grew to great prominence and wealth.  They achieved renown as

one of the most important and successful banking families in the world.  Rothschild ventures have financed Wellington's armies, the Gold Rush, the acquisition of the Suez Canal, the early development of railroads in the United States and England, the search for oil, and mining of base (ore) metals such as copper and nickel.  Over two centuries, the Rothschild banking and financial businesses have adapted and evolved so that they are now involved in many aspects of financial services, including finance, privatization, securities, asset management, mergers and acquisitions, restructuring and reorganization, private placements, project finance, private equity, wealth management, and venture capital.

28.    In addition to the activities of the Rothschild & Co Plaintiffs in the United States described below, the ROTHSCHILD Marks, as alleged below, have become famous in part due to the public's long-standing association between the Rothschild Family and the financial services provided by the Rothschild & Co Group and predecessor entities.  The *Encyclopedia Britannica*, for example, states that ROTHSCHILD is "the most famous of all European banking dynasties." https://www.britannica.com/topic/Rothschild-family (last accessed July 28, 2019).

29.    Near the end of the 18th century, Nathan Mayer Rothschild, one of the sons of Mayer Amschel Rothschild, settled in England.  After his death in 1836, his sons changed the name of the financial business in England to N M Rothschild &

Sons, a partnership.  In 1970, the business was incorporated and used the name N M

Rothschild & Sons Limited.   N M Rothschild & Sons Limited is today a member of

the Rothschild & Co Group.

30.   Following the Panic of 1837 in the United States, which led to a five-

year depression in the United States, an agent of the Rothschild Family, August

Belmont, settled in New York as the American representative of the Rothschild

interests and conducted business on their behalf.

31.   The first United States financial business established by the Rothschild

Family was Amsterdam Overseas Corporation, jointly controlled by the English and

French branches of the Rothschild Family.  The business grew and was reorganized

as an investment bank under the name New Court Securities Corporation in 1967.

The business continued to grow, and in 1982 was again reorganized under the name

Rothschild Inc.  Rothschild Inc. changed its name to Rothschild & Co US Inc. in

2018, and is a member of the Rothschild & Co Group.

32.   R&CoINC is registered with the Financial Industry Regulatory

Authority (FINRA) as a broker-dealer and provides a full range of corporate finance,

financial advisory and general investment banking services.  R&CoINC has recently

worked for clients in the State of Georgia.

33.     R&CoAM provides financial asset management services, including managed funds, to institutional clients, pension funds, and high net worth individuals and families.   R&CoAM currently provides services to clients in the State of Georgia.

34.     In 1987, Rothschild North America Inc., which is a member of the Rothschild & Co Group, became the holding company for the Rothschild & Co Group's United States financial services operations, and is the immediate parent entity of R&CoINC and R&CoAM.

35.     In 2018, the corporate names of the United States plaintiffs were changed as follows:  (a) Rothschild North America Inc. to Rothschild & Co North America Inc. (R&CoNA); (b) Rothschild Inc. to Rothschild & Co US Inc. (R&CoINC); and (c) Rothschild Asset Management Inc. to Rothschild & Co Asset Management US Inc. (R&CoAM).   In 2019, the corporate name of Rothschild Continuation Holdings AG was changed to Rothschild & Co Continuation Holdings AG.

36.     Plaintiff R&CoCH, a Swiss joint stock company, was established in 1982 by members of the Rothschild Family to ensure the continuation of the Rothschild Family financial services activities.  It holds a 100% direct or indirect interest in the other plaintiffs.  R&CoCH is the registered owner of the United States

trademark registrations for ROTHSCHILD and ROTHSCHILD & CO, as set forth below, and has licensed the other Rothschild & Co Plaintiffs to use those marks.

37.    Prior to the Sklarov Defendants' first use of "Bentley Rothschild" and their other infringing activities described herein, the Rothschild & Co Plaintiffs had adopted and extensively used the marks ROTHSCHILD, ROTHSCHILD & CO, ROTHSCHILD NORTH AMERICA, ROTHSCHILD & CO NORTH AMERICA, ROTHSCHILD INC., ROTHSCHILD & CO US INC., ROTHSCHILD ASSET MANAGEMENT INC., ROTHSCHILD & CO ASSET MANAGEMENT US INC., and other marks incorporating "ROTHSCHILD" and "ROTHSCHILD & CO," in connection with their financial services offered and provided in interstate commerce in the United States (collectively, the "ROTHSCHILD Marks").

38.    As a consequence of the Rothschild & Co Group and the Rothschild & Co Plaintiffs' activities, an unparalleled reputation and extraordinary goodwill have attached to the ROTHSCHILD Marks.  The ROTHSCHILD Marks have thereby acquired distinctiveness, fame and secondary meaning in connection with the provision of financial services and advice and, in the United States, have come to be associated with the financial services businesses of R&CoINC and R&CoAM.

39.    In recognition of the value and importance of the foregoing trademark rights, the Rothschild & Co Group have rights in United States federal trademark

registrations for the ROTHSCHILD word mark (U.S. Reg. No. 3447667) covering various financial and financial business services in International Classes 035 and 036, and for the ROTHSCHILD & CO word mark (U.S. Reg. No. 5614371) covering various financial and financial business services in International Classes 035 and 036 (the "ROTHSCHILD Registrations").  R&CoCH is the registered owner of the ROTHSCHILD Registrations, and use thereof in the United States is licensed by R&CoCH to R&CoNA, R&CoINC and R&CoAM.  True and correct copies of the ROTHSCHILD Registrations are attached as **Exhibit B**.

40.    As a further consequence, when a new financial business uses "Rothschild" as part of a corporate name or mark, and claims to be associated with or functioning in the tradition of the "Rothschild dynasty," this will be understood by potential consumers of financial services that  a founder or leader of the company is a member of the Rothschild Family and that the business is associated with the Rothschild & Co Group.

**Sklarov's History of Fraudulent and Bad-Faith Activities**

41.    Defendant Sklarov is a convicted felon who served a prison sentence for federal crime.  In *USA v. Sklarov, et al.*, 97-cr-00176 (DJL) (W.D. Pa.), the court convicted Sklarov of Medicare fraud and money laundering, and sentenced him to serve a year and a day in federal prison, supervised release, and payment of a fine.

A true and correct copy of the docket in this case, showing the conviction, is attached as **Exhibit C**.

42.    This felony conviction did not deter Sklarov from using entities he controls to engage in other fraudulent and bad-faith activities.

43.    For example, Sklarov, using his controlled company Am LLC, attempted to operate as "New York Services Enterprise," whose initials were "NYSE," the same as the New York Stock Exchange's registered NYSE trademark. Sklarov, using Am LLC, registered a host of domain names incorporating "nyse" without consent of the New York Stock Exchange.  The New York Stock Exchange initiated a Uniform Domain Name Procedure under ICANN rules to recover these domain names.  By a decision dated October 23, 2017, an arbitrator issued a decision finding that Sklarov and Am LLC had registered these domain names in bad faith and directed that they be transferred to the New York Stock Exchange.  A true and correct copy of this decision is attached as **Exhibit D**.

44.    Sklarov and/or his controlled entities are also defendants in civil actions alleging that they have engaged in fraudulent activities.  In March 2019, a complaint was filed in the Supreme Court of the State of New York, County of New York, against Sklarov, BRF, Am LLC, AM Ltd, and other entities.  The complaint alleged that they had engaged in a stock loan fraud scheme in connection with shares of

NASDAQ-traded stock owned by the plaintiff.  *Satterfield v. VStock Transfer, LLC et al.*, No. 650311/2019 (N.Y. Sup. Ct. Jan. 16, 2019) (*Satterfield*).    A true and correct copy of the complaint filed in that action attached as **Exhibit E**.

45.     The plaintiff in *Satterfield* alleged that he owned two million shares of a publicly traded company, and that because the shares were restricted, he sought to obtain a loan with the shares as collateral.  He was introduced to Sklarov as a potential lender, but was not told that Sklarov had served time in federal prison for felonies or that Sklarov was being sued in other actions claiming that he and his entities committed fraud in connection with stock loan transactions.

46.     The *Satterfield* plaintiff further alleged that Sklarov represented to him that as part of the loan terms, the plaintiff's shares would not be transferred, and that as a result of this and other assurances, the plaintiff agreed to enter into a Master Loan Agreement with Am LLC and transferred his shares, some of which were unrestricted.  The complaint alleges that even before the loan was closed, Sklarov, using BRC SK, "dumped" these shares, driving the price of the company's shares down, and then issued a margin call to the plaintiff demanding more shares as collateral.  It further alleges that Sklarov continued to sell shares using BRC SK, despite the court putting a temporary restraining order on such sales.  In

consequence, the plaintiff alleges, over $1 million of his shares were sold and he received only a loan of $66,709.

47.     In the *Satterfield* action, Sklarov and his entities claimed that the plaintiff was party to a provision requiring him to arbitrate his claims in Nevis. Following an evidentiary hearing, the New York Supreme Court rejected this claim, stating that plaintiff "establishes with credible testimony a likelihood of success on the merits that the Nevis arbitration provision is permeated with fraud," and further noting that "[d]ocumentary evidence corroborates that the MLA was amended to avoid the SEC's jurisdiction over the shares and transactions here which evidences a fraudulent scheme." *See* Dkt. 200 at p. 13.  A true and correct copy of the June 20, 2019 Order (Dkt. 200) is attached as **Exhibit F**.  Upon information and belief, the *Satterfield* action is still pending.

48.     In May 2018, three companies filed a Verified Petition in New York State Supreme Court, seeking a temporary restraining order and preliminary injunction in aid of an arbitration.  The proceeding was captioned *Fortunate Drift Limited et al. v. America 2030 Capital, LLC, et al.*, No. 652158/2018 (N.Y. Sup. Ct. May 2, 2018).  A true and correct copy of the Verified Petition in that suit is attached as **Exhibit G**.

49.     The Verified Petition alleged that one of the petitioners had entered into a stock loan agreement with Am LLC, under which shares of a publicly listed corporation were transferred to Am LLC, but Am LLC failed to provide the promised loan funds.  It further alleged that Sklarov, as president and CEO of Am LLC, induced the plaintiffs to enter into the loan agreement.  Am LLC began to sell shares transferred to it but never provided any loan funds.  It was alleged that AM LLC "stole" 2 million shares from the petitioners.

50.     This action was thereafter settled with Am LLC agreeing not to dispose of the plaintiff's stock.  A true and correct copy of the Stipulation of Settlement is attached as **Exhibit H**.

51.     On or about June 6, 2019, Two Rivers Water & Farming Company commenced a lawsuit in the United States District Court for the District of Colorado against "America 2030 Capital Limited" (identified as organized "under the laws of Nevis") and "Bentley Rothschild Capital Limited" (identified as "incorporated under the laws of the Bahamas"). *Two Rivers Water & Farming Co. v. America 2030 Capital Limited et al.*, No. 19-cv-1640 (D.C. Col. Jun. 6, 2019).  In the action, the plaintiff alleged that it entered into stock loan agreements with the two entities, that Sklarov is "President and CEO of both Defendants America 2030 Capital Limited and Bentley Rothschild Capital Limited," that the plaintiff thereafter learned about

Sklarov's criminal history and other wrongful acts, that Sklarov's entities sought to remove restrictions on the collateral shares so that they could be sold, and that counsel for the entities claimed that plaintiff was in default under the agreement. The complaint sought a declaratory judgment that the loan agreements were null and void and a temporary restraining order and preliminary injunction against removing restrictions on the collateral shares. A true and correct copy of the complaint filed in this action is attached as **Exhibit I**. Upon information and belief, this action is still pending.

52.     These actions demonstrate that (a) Sklarov and his controlled entities are engaged in a number of active schemes to defraud, some of which use a "Bentley Rothschild" entity, and (b) those schemes are tarnishing the ROTHSCHILD Marks and threatening the reputation of the Rothschild & Co Plaintiffs, since the victims of the schemes or the public reading about the lawsuits against the Sklarov Defendants may be deceived into the belief that the "Bentley Rothschild" entities are associated in some way with the Rothschild & Co Plaintiffs.

**The Sklarov Defendants' Infringement of the ROTHSCHILD Marks.**

53.     Upon information and belief, Sklarov, acting through the Sklarov Corporate Defendants, is providing and offering to provide financial and investment services, including loans, using the BENTLEY ROTHSCHILD mark. Upon

21

information and belief, no one named "Bentley Rothschild" or surnamed "Rothschild" is associated with the business of any of the Sklarov Defendants.

54.    The Sklarov Defendants are using the ROTHSCHILD Marks and infringing variations thereof in the provision of financial services in a manner that willfully infringes the trademark rights of the Rothschild & Co Plaintiffs and misappropriates the goodwill associated with the Rothschild name in the financial industry.

55.    The Rothschild & Co Group promotes its financial services through the Internet website www.rothschildandco.com.  In July 2018, Sklarov, acting through his alter egos Am LLC or Am LTD, registered the domain name www.bentleyrothschild.com.  A true and correct copy of the WHOIS report for www.bentleyrothschild.com is attached as **Exhibit J**.

56.    In May or June 2019, Sklarov, individually or through one of the Sklarov Corporate Defendants, caused the website at www.bentleyrothschild.com (the "Infringing Website"), which had previously been inactive, to "go live" with content in which the infringing BENTLEY ROTHSCHILD mark is prominently and repeatedly displayed in connection with the offering of financial and investment services to customers throughout the United States.  The infringing BENTLEY ROTHSCHILD mark is prominently displayed on the banner of the Infringing

Website and throughout its contents.  A true and correct copy of a printout of the home page of the Infringing Website as it existed when accessed and printed on July 8, 2019 is attached as **Exhibit K**.

57.     As of July 8, 2019, the home page identified a New York address as the main office of "Bentley Rothschild Capital Limited."  *See* Exhibit K at p. 5.

58.     At some point thereafter, upon information and belief, the Sklarov Defendants made a series of changes to the Infringing Website, apparently to evade the litigation consequences of their own admissions.  Between July 8, 2019 and July 18, 2019, the Sklarov Defendants changed the home page to identify as the main office of "Bentley Rothschild Capital Limited" an address at 1201 W Peachtree Street, Suite 2300, Atlanta, Georgia, 30309.  A true and correct copy of the home page of the Infringing Website as it existed when accessed and printed on July 18, 2019 is attached hereto as **Exhibit L**.  The Sklarov Defendants may have made such change due to the Satterfield litigation, wherein the version of the site identifying a New York address may have been cited as a basis for exercising New York jurisdiction over the defendants.

59.     Between July 18, 2019 and July 30, 2019, the Sklarov Defendants again changed the Infringing Website to reflect that its headquarters address is in Nevis. A true and correct copy of all of the pages of the Infringing Website as it existed and

was printed on July 31, 2019 is attached as **Exhibit M**.  However, on the current "Contact Us" page on the Infringing Website, the Sklarov Defendants continue to represent that their USA office is in Atlanta, Georgia.  *See* Exhibit M at p. 60.

60.    The Infringing Website has a "Get In Touch" section that states "We would love to hear from you!" and solicits consumers to fill out an online form with their name, email address, and telephone phone number, and send a message that can be submitted directly by clicking "Send Message."  *See* Exhibit M at p. 4.

61.    The Infringing Website also provides an additional method of contact by using the email address info@bentleyrothschild.com.  *See* Exhibit M at p. 5.

62.    According to the Infringing Website, "Bentley Rothschild Capital Limited" purports to offer financial advisory services, including investment management and advice, as well as financial asset management services for high net worth individuals, and pension and other institutional accounts.  *See generally* Exhibit M.

63.    "Bentley Rothschild Capital Limited" also purports to offer "Hassle-Free Stock Loans" via the Infringing Website at the page http://bentleyrothschild.com/non-recourse-loans/ (last accessed July 31, 2019), where consumers are solicited to click the "Get A Quote" hyperlink that links to the page  http://bentleyrothschild.com/non-recourse-loans/get-a-quote/ (last accessed

July 31, 2019), an online form that consumers can fill out by entering, *inter alia*, their name, telephone phone number, email address, and the requested loan amount, and then submit the request directly by clicking "Submit." *See* Exhibit M at pp. 32-36.

64.    The Sklarov Defendants have affirmatively made false and fraudulent representations to actual and potential investors and borrowers that the Sklarov Defendants' "Bentley Rothschild" businesses are associated with the Rothschild Family and are part of the "Rothschild Group of Companies."

65.    For example, on or about March 4, 2019, the Sklarov Defendants issued a term sheet on behalf of "Bentley Rothschild Capital Limited" with the words "BENTLEY ROTHSCHILD" prominently displayed across the top of the first page and on the upper right corner of each following page, purporting to relate to a "Bespoke Financial Product Collateralized Loan Term Sheet" (the "Infringing Term Sheet"). A true and correct copy of the Infringing Term Sheet is attached as **Exhibit N**.

66.    In the Infringing Term Sheet, the Sklarov Defendants explicitly and fraudulently claimed affiliation, association, connection, sponsorship, and/or endorsement with the Rothschild Family and the Rothschild & Co Group. After

providing a long statement as to the financial history of the Rothschild Family, the

Infringing Term Sheet then followed with this statement:

> Rothschild family started offering securitized financing in the early part of the 19th century.  Bentley Rothschild Capital Limited is honored to continue to engage in the tradition of global finance by offering loans against publicly traded securities for our high-net worth clients located throughout the world.  Our service is as exceptional now as it has been by the Rothschild dynasty during the past 250 years.  (*See* Exhibit N, p. 2).

67.     The same Infringing Term Sheet shows four purported addresses for

BRC GA and/or BRC SK, below which is displayed the legend "Rothschild Family

of Companies ©1986-2019 All Rights Reserved."  Upon information and belief, the

term "Rothschild Family of Companies" is intended to, and likely does, deceive the

public into believing that the "Bentley Rothschild" entities are part of the Rothschild

& Co Group, and are affiliated, associated, or connected with the Rothschild & Co

Plaintiffs.

68.     The Infringing Term Sheet identifies BRC GA as having an address at

1201 Peachtree Street, Suite 2300, Atlanta, Georgia, 30309.  *See* Exhibit N, p. 5.

69.     In addition, the Sklarov Defendants have been actively promoting the

infringing BENTLEY ROTHSCHILD marks to potential business borrowers and

others in the financial world, including in Georgia and throughout the United States.

70.    For example, on or about January 12, 2019, defendant Am Ltd issued a press release announcing stock financing in the United States and other countries. This release attributes statements to Sklarov, identified as "CEO and Operations Manager of America 2030 Capital Ltd.," concerning stock loans, and contains the statement:  "The firm is utilizing Bentley Rothschild Capital Ltd. of Nevis and Bahamas to structure and find several of its global stock loan transactions.  The executives at America 2030 Capital believe that the Bentley Rothschild name will be a major player in structuring and finding publicly traded companies and its major shareholders for years to come.  Its resources are capable of underwriting and finding loans in the hundreds of millions of USD."    *See* http://www.digitaljournal.com/pr/4105848#ixzz5iByJFjPk (last accessed July 18, 2019).  A true and correct copy of a print-out of this website is attached as **Exhibit O**.

71.    To further this fraudulent and infringing scheme, Sklarov, acting through Black Rock, another entity he controls and directs, has applied to the USPTO to register the mark BENTLEY ROTHSCHILD as a United States trademark, using the identical description of services that is provided in the registration for the ROTHSCHILD mark.  *See* Exhibit A.

72.     Jaitegh Singh of Singh Law Firm, P.A. is an attorney who has represented Sklarov and certain Sklarov Corporate Defendants in connection with the Rothschild & Co Group's demands that Sklarov cease his infringing activities. On or about June 3, 2019, Mr. Singh signed and caused to be filed the '938 Application with the USPTO on behalf of Defendant Black Rock as "General Counsel" of that entity, seeking to register the trademark BENTLEY ROTHSCHILD in connection with various financial services in International Class 036.  *See* Exhibit A.

73.     Upon information and belief, Black Rock is controlled and operated by Sklarov, and, upon information and belief, Mr. Singh and Black Rock were acting as agents of, and/or pursuant to the instruction of, Sklarov, when Mr. Singh signed and filed or caused to be filed the '938 Application.

74.     The description of International Class 036 services claimed in the '938 Application reads as follows:

> Financial services, namely, advising corporations on debt and financial restructuring, bankruptcy reorganization and divestitures, namely, sales of entities and their stock and assets; strategic planning and capital raising for corporations, start-ups, emerging companies, private equity fund and other similar corporate entities; stock loans; arranging financing for start-ups, emerging companies, private equity funds and other similar corporate entities; merchant banking; investment banking; underwriting, namely, underwriting offers of securities as

28

> manager, co-manager or syndicate member; private
> placements; investment management and advice; financial
> consultancy, planning, research and appraisal of corporate
> entities; financial evaluation and other wealth
> management services, namely, for high net worth
> individuals, for pension and other institutional accounts;
> trading and dealing in stocks, securities and other financial
> products, namely, bonds and advisory services relating
> thereto; brokerage and dealer services in the field of stocks
> and securities; providing financial news and information
> via a global communication network; financial investment
> and financial advisory services in the field of real estate;
> leasing of real estate; real estate acquisition services; real
> estate appraisal; real estate equity sharing, namely,
> managing and arranging for co-ownership of real estate;
> and real estate investment and real estate management

75.     This description of financial services was apparently copied and pasted

from the description of services contained in the Rothschild & Co Group's U.S. Reg.

No. 3447667 for ROTHSCHILD (*see* Exhibit B), which reads as follows:

> Financial services, namely, advising corporations on debt
> and financial restructuring, bankruptcy reorganization and
> divestitures, namely, sales of entities and their stock and
> assets; strategic planning and capital raising for
> corporations, start-ups, emerging companies, private
> equity fund and other similar corporate entities; arranging
> financing for start-ups, emerging companies, private
> equity funds and other similar corporate entities; merchant
> banking; investment banking; underwriting, namely,
> underwriting offers of securities as manager, co-manager
> or syndicate member; private placements; investment
> management and advice; financial consultancy, planning,
> research and appraisal of corporate entities; financial
> evaluation and other wealth management services,
> namely, for high net worth individuals, for pension and

other institutional accounts [ ; trading and dealing in stocks, securities and other financial products, namely, bonds and advisory services relating thereto; brokerage and dealer services in the field of stocks and securities; providing financial news and information via a global communication network; financial investment and financial advisory services in the field of real estate; leasing of real estate; real estate acquisition services; real estate appraisal; real estate equity sharing, namely, managing and arranging for co-ownership of real estate; and real estate investment and real estate management

76.     The sole difference between the two descriptions is that "stock loans" has been added to the identification of services in the '938 Application.

77.     As of the date of this complaint, no action has been taken by the USPTO in regard to the '938 Application, which has not yet been assigned to an examiner.

78.     As alleged above, Sklarov, acting individually and through the Sklarov Corporate Defendants, has used the BENTLEY ROTHSCHILD mark and the "Rothschild Family of Companies" designation, and the claim that BRC GA and BRC SK "continue to engage in the tradition of global finance" established by the Rothschild Family and that their "service is as exceptional now as it has been by the Rothschild dynasty," in order to deceive potential consumers of financial services in the United States into believing that (a) members of the Rothschild Family participate in some manner in BRC GA, BRC SK, and BRF, (b) BRC GA, BRC SK, and BRG are affiliated, associated, or connected with, or sponsored or endorsed by,

the Rothschild & Co Plaintiffs and/or that they are owned or approved by members of the Rothschild Family and/or the Rothschild & Co Group, and (c) BRC GA, BRC SK, BRF, and other Sklarov Corporate Defendants are therefore trustworthy and their services of high quality.   Such statements unlawfully and intentionally misappropriate the substantial goodwill in the ROTHSCHILD Marks.

79.     Upon information and belief, these infringements and false and deceptive representations have deceived, and, unless enjoined, will continue to deceive members of the public into doing business with BRC GA, BRC SK, and other Sklarov Corporate Defendants, and to become victims of Sklarov's fraudulent schemes.

**The Sklarov Defendants' Refusal to Cease Their Infringing Activities**

80.     On April 2, 2019, after first becoming aware of the Sklarov Defendants' unlawful and infringing activities, counsel for the Rothschild & Co Plaintiffs sent a cease and desist letter to Sklarov and several of the other Sklarov Defendants.  A true and correct copy of this letter is attached as **Exhibit P**.

81.     As of the date of the April 2, 2019 letter, the website that existed at the domain www.bentleyrothschild.com was inactive and contained only a single page displaying a statement in Ukrainian stating that the site was "ready to use."  *See* Exhibit P at p. 3.

82.   By letter dated April 30, 2019, Jaitegh Singh responded, to the April 2, 2019 letter, representing himself to be counsel for Sklarov, BRC SK, and BRF.  A true and correct copy of this letter is attached as **Exhibit Q**.

83.   In his letter, Mr. Singh represented that "(1) Any references to the Rothschild family have been removed; (2) [his clients] will not transact in the United States with regards to financial services and products; and (3) [his clients] will not distribute any marketing materials directly or indirectly to any potential clients in the United States."  *See* Exhibit Q at p. 1.

84.   The promises made by Mr. Singh were false, because, as alleged above, since the date of his letter Sklarov and the Sklarov Defendants have willfully continued to expand their infringing activities within the United States, including, without limitation:   (a) activating the Infringing Website, which claims a headquarters address for BRC GA and BRC SK in Atlanta, and markets and offers financial services to consumers in the United States; and (b) filing on June 3, 2019 the '938 App. for the word mark BENTLEY ROTHSCHILD in connection with various financial services.

85.   The Sklarov Defendants' infringing conduct is knowing, willful, intentional and malicious, as demonstrated by their continuing and expanding such

wrongful conduct after receipt of the cease and desist letter from counsel for the Rothschild & Co Plaintiffs.

86.     The Rothschild & Co Plaintiffs have suffered irreparable injury from the wrongful and infringing acts of the Sklarov Defendants, and will continue to suffer such injury unless this Court enjoins such acts as prayed for below.

<u>**COUNT I**</u>

***Federal Trademark Infringement under 15 U.S.C. § 1114***

87.     The Rothschild & Co Plaintiffs repeat and reallege the allegations contained within Paragraphs 1 through 86 of this Complaint as though fully set forth herein.

88.     The wrongful and infringing actions of the Sklarov Defendants have caused and/or are likely to cause confusion or mistake, or to deceive consumers regarding the source, sponsorship, and/or affiliation of the goods and/or services offered and sold by the Sklarov Defendants, constituting infringement of the ROTHSCHILD Registrations in violation of 15 U.S.C. § 1114.

89.     The Rothschild & Co Plaintiffs have no adequate remedy at law because the ROTHSCHILD Registrations are unique and represent to the public the Rothschild & Co Plaintiffs' identity, reputation, and goodwill, such that damages

alone cannot fully compensate the Rothschild & Co Plaintiffs for the Sklarov Defendants' misconduct.

90.     The actions of the Sklarov Defendants, if not enjoined, will continue. The past and future irreparable injury to the Rothschild & Co Plaintiffs' business identity, goodwill, and reputation requires immediate and permanent injunctive relief to prevent the Sklarov Defendants' continued trademark infringement.

91.     The Rothschild & Co Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value and goodwill associated with the ROTHSCHILD Registrations, and injury to the Rothschild & Co Plaintiffs' business and reputation, as well as profit obtained by the Sklarov Defendants resulting from their trademark infringement.  The Rothschild & Co Plaintiffs are therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

92.     Pursuant to 15 U.S.C. § 1117, the Rothschild & Co Plaintiffs are entitled to recover damages in amount to be determined at trial, profits made by the Sklarov Defendants as a result of their infringing activities, and the costs of this action.  Furthermore, the actions of the Sklarov Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making

this an exceptional case entitling the Rothschild & Co Plaintiffs to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

### *Federal Unfair Competition and Infringement under 15 U.S.C. § 1125(a)*

93.    The Rothschild & Co Plaintiffs repeat and reallege the allegations contained within Paragraphs 1 through 92 of this Complaint as though fully set forth herein.

94.    The actions of the Sklarov Defendants as described above constitutes federal unfair competition and trademark infringement in violation of 15 U.S.C. § 1125(a).

95.    The Rothschild & Co Plaintiffs have no adequate remedy at law because the ROTHSCHILD Marks are unique and represent to the public the Rothschild & Co Plaintiffs' identity, reputation, and goodwill, such that damages alone cannot fully compensate the Rothschild & Co Plaintiffs for the Sklarov Defendants' misconduct.

96.    The actions of the Sklarov Defendants, if not enjoined, will continue. The past and future irreparable injury to the Rothschild & Co Plaintiffs' business identity, goodwill, and reputation requires immediate and permanent injunctive

relief to prevent the Sklarov Defendants' continued unfair competition and trademark infringement.

97.    The Rothschild & Co Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value and goodwill associated with the ROTHSCHILD Marks, and injury to the Rothschild & Co Plaintiffs' business and reputation.  The Rothschild & Co Plaintiffs are therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

98.    Pursuant to 15 U.S.C. § 1117, the Rothschild & Co Plaintiffs are entitled to recover damages in amount to be determined at trial, profits made by the Sklarov Defendants as a result of their infringing activities, and the costs of this action.  Furthermore, the actions of the Sklarov Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling the Rothschild & Co Plaintiffs to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## **COUNT III**

### *Federal Trademark Dilution under 15 U.S.C. § 1125(c)*

99.    The Rothschild & Co Plaintiffs repeat and reallege the allegations contained within Paragraphs 1 through 98 of this Complaint as though fully set forth herein.

100.   The registered ROTHSCHILD and ROTHSCHILD & CO marks are famous and highly distinctive, and are entitled to protection against dilution by blurring or tarnishment.

101.   The actions of the Sklarov Defendants described above and specifically, without limitation, their unauthorized use of trademarks that are confusingly similar to the registered ROTHSCHILD and ROTHSCHILD & CO marks in connection with fraudulent schemes in which consumers are deceived as to the nature, origin, and quality of the financial and investment services, have injured and will continue to injure the Rothschild & Co Plaintiffs' business reputation, have tarnished the distinctive quality of the Rothschild & Co Plaintiffs' famous name and marks, and have lessened the capacity of ROTHSCHILD and ROTHSCHILD & CO to identify and distinguish the Rothschild & Co Plaintiffs' services, in violation of 15 U.S.C. § 1125(c).

102.   As a result of the Sklarov Defendants' dilution by tarnishment of the ROTHSCHILD and ROTHSCHILD & CO marks, the Rothschild & Co Plaintiffs have suffered substantial damages, as well as the continuing loss of the value established by the Rothschild & Co Plaintiffs in their marks.  The continuing loss of value cannot be properly calculated and thus constitutes irreparable harm and an injury for which the Rothschild & Co Plaintiffs have no adequate remedy at law.

The Rothschild & Co Plaintiffs will continue to suffer irreparable harm unless this Court enjoins the Sklarov Defendants' dilution by tarnishment.

## COUNT IV

### *Violation of O.C.G.A. § 10-1-451(b)*

103.   The Rothschild & Co Plaintiffs repeat and reallege the allegations contained within Paragraphs 1 through 102 of this Complaint as though fully set forth herein.

104.   The ROTHSCHILD Marks are inherently distinctive.  Additionally, the Rothschild & Co Plaintiffs have promoted and used the ROTHSCHILD Marks in Georgia and throughout the United States, and the trademarks thereby have acquired distinctiveness, and are well-known symbols of the Rothschild & Co Plaintiffs' services in Georgia and throughout the United States.

105.   The actions of the Sklarov Defendants described above and specifically, without limitation, the Sklarov Defendants' infringing use of confusingly similar imitations of the ROTHSCHILD Marks, is likely to injure the Rothschild & Co Plaintiffs' business reputation and to dilute the distinctiveness of the ROTHSCHILD Marks by eroding the public's exclusive identification of these distinctive, well-known trademarks, and otherwise lessen the capacity of the

ROTHSCHILD Marks to identify and distinguish the Rothschild & Co Plaintiffs' goods and services.

106.   The Sklarov Defendants' actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the ROTHSCHILD Marks and to cause dilution of the ROTHSCHILD Marks to the substantial and irreparable injury of the Rothschild & Co Plaintiffs.

107.   The Sklarov Defendants are causing and will continue to cause irreparable injury to the Rothschild & Co Plaintiffs' goodwill and business reputation, and dilution of the distinctiveness and value of the ROTHSCHILD Marks in violation of O.C.G.A. § 10-1-451(b).  The Rothschild & Co Plaintiffs are therefore entitled to injunctive relief against such acts.

## COUNT V

*State Unfair and Deceptive Trade Practices Under O.C.G.A. § 10-1-370 et seq.*

108.   The Rothschild & Co Plaintiffs repeat and reallege the allegations contained within Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

109.   The actions of the Sklarov Defendants as described above, including without limitation, their unauthorized use of confusingly similar imitations of the

ROTHSCHILD Marks, constitutes deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

110.   The actions of the Sklarov Defendants described above have caused and/or are likely to cause substantial injury to the public and to the Rothschild & Co Plaintiffs, and the Rothschild & Co Plaintiffs are entitled to injunctive relief and to recover their damages, costs, and attorneys' fees incurred as a result of such actions and any profit obtained by the Sklarov Defendants as a result of such actions.

## COUNT VI

### *Unfair Competition Under O.C.G.A. § 23-2-55*

111.   The Rothschild & Co Plaintiffs repeat and reallege the allegations contained within Paragraphs 1 through 110 of this Complaint as though fully set forth herein.

112.   The actions of the Sklarov Defendants as described above, including without limitation, their unauthorized use of confusingly similar imitations of the ROTHSCHILD Marks with the intention of deceiving and misleading the public, are causing and are likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that the Sklarov Defendants' financial services is affiliated, connected, or associated with the Rothschild & Co Plaintiffs, or has the sponsorship, endorsement, or approval of the Rothschild & Co Plaintiffs,

40

when that is not the case.  Such actions thus constitute unfair competition in violation of O.C.G.A. § 23-2-55.

113.   The actions of the Sklarov Defendants described above have caused and/or are likely to cause substantial injury to the public and irreparable injury to the Rothschild & Co Plaintiffs, and the Rothschild & Co Plaintiffs are entitled to injunctive relief and to recover their damages, costs, and attorneys' fees incurred as a result of such actions and any profit obtained by the Sklarov Defendants as a result of such actions.

## COUNT VII

### *Common Law Trademark Infringement and Unfair Competition*

114.   The Rothschild & Co Plaintiffs repeat and reallege the allegations contained within Paragraphs 1 through 113 of this Complaint as though fully set forth herein.

115.   The actions of the Sklarov Defendants described above constitute common law trademark infringement and unfair competition under the common law of Georgia.

116.   The Sklarov Defendants acted with full knowledge of the Rothschild & Co Plaintiffs' use of and exclusive rights to use the ROTHSCHILD Marks and in

blatant disregard of the likelihood of confusion of the public created by the Sklarov Defendants' activities.

117.   The Sklarov Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ROTHSCHILD Marks, and to mislead consumers, to the substantial and irreparable injury of the Rothschild & Co Plaintiffs.

118.   Because of the Sklarov Parties' acts, the Rothschild & Co Plaintiffs have been damaged in an amount not yet determined or ascertainable.   At a minimum, however, the Rothschild & Co Plaintiffs are entitled to injunctive relief, an accounting of the Sklarov Defendants' profits, damages, costs, and all other remedies available based on common law trademark infringement.   Further, in light of the Sklarov Defendants' willful, intentional, and malicious use of the ROTHSCHILD Marks and confusingly similar imitations thereof, all done with the specific intent to cause harm to the Rothschild & Co Plaintiffs and deceive the public, and the need to deter the Sklarov Defendants from similar conduct in the future, the Rothschild & Co Plaintiffs are entitled to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Rothschild & Co Plaintiffs respectfully pray for the following relief against the Sklarov Defendants:

A.     A preliminary and permanent injunction enjoining the Sklarov Defendants, their agents, servants, employees, representatives, and affiliates, and all persons, firms, corporations, and other entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from:

1.     Using directly or indirectly, in any manner whatsoever, the infringing BENTLEY ROTHSCHILD marks, the ROTHSCHILD Marks, any other mark that is colorably similar to any of the ROTHSCHILD Marks, and any mark that includes the name or word "Rothschild" or any variant spelling thereof;

2.     Using directly or indirectly, in any manner whatsoever, any trade name or corporate name incorporating the word "Rothschild" or any variant spelling thereof, or incorporating or registering any entity with such a trade name or corporate name;

3.     Using the domain name www.bentleyrothschild.com, and any other domain name, URL, or email address that incorporates the word "Rothschild" or any variant spelling thereof;

4.     Engaging in any advertising, promotion, solicitation, or other representation asserting that any defendant or any entity in which

any defendant is a director, officer, or shareholder are affiliated, connected, or endorsed in any way by the Rothschild & Co Plaintiffs, the Rothschild & Co Group, the Rothschild Family, or any business controlled by a member of the Rothschild Family;

5.    Doing any other act or thing calculated or likely to cause confusion or mistake in the trade or the minds of the public, or to deceive actual or potential purchasers into believing that the Sklarov Defendants' goods and services originate with any of the plaintiffs or are approved, licensed, or otherwise authorized by the Rothschild & Co Plaintiffs;

6.    Registering or prosecuting any application to register BENTLEY ROTHSCHILD as a mark in the United States or in any other country;

7.    Engaging in any other activity that constitutes unfair competition with respect to the Rothschild & Co Plaintiffs;

8.    Aiding, abetting, or assisting any other person or entity in engaging in or performing any activities stated in paragraphs (1)-(7) hereof.

B.     That the Sklarov Defendants, within five (5) days after entry of judgment, deliver up to counsel for the Rothschild & Co Plaintiffs for destruction, all documents, including, without limitation, promotional and advertising materials, cards, catalogs, displays, labels, packaging, letterheads and printed materials, and containers bearing, displaying, or incorporating the infringing "BENTLEY ROTHSCHILD" marks, or any other mark which is colorably similar to the ROTHSCHILD Marks or which incorporates the word "Rothschild" or any variant spelling thereof.

C.     That the Sklarov Defendants cease operation of the Infringing Website, and assign over to the Rothschild & Co Plaintiffs all right, title, and interest in and to the registration of the domain name www.bentleyrothschild.com, and any other domain name, URL, or email address that incorporates the word "Rothschild" or any variant spelling thereof.

D.     That each defendant be directed to file with this Court and to serve upon counsel for the Rothschild & Co Plaintiffs within thirty (30) days of the service of this Court's injunction, a written report signed by said defendant, under oath, setting forth in detail the manner in which said defendant complied with the injunction.

E.     That the Sklarov Defendants be required to account to the Rothschild & Co Plaintiffs for any and all profits derived by them from their acts of trademark

infringement, unfair competition, dilution, and other claims asserted herein and that the Rothschild & Co Plaintiffs to recover three times the damages sustained as a result of the Sklarov Defendants' wrongful acts, together with punitive damages and interest as allowed by law.

F.     That the Rothschild & Co Plaintiffs be awarded the costs and disbursements of this action, including reasonable attorney's fees.

G.     That such other and further relief be granted as the Court may deem just and proper.

Dated:  August 6, 2019

**DLA PIPER LLP (US)**

/s/ Delia Frazier
  Delia Frazier
  Georgia Bar No. 940667
  Christopher Campbell
  Georgia Bar No. 789533
  DLA Piper LLP (US)
  1201 West Peachtree Street, Suite 2800
  Atlanta, Georgia 30309
  (404) 736-7800
  (404) 682-7800 (facsimile)
  Christopher.Campbell@dlapiper.com
  Delia.Frazier@dlapiper.com

  *Attorneys for Plaintiffs Rothschild &*
  *Co Continuation Holdings AG,*
  *Rothschild & Co North America Inc.,*
  *Rothschild & Co US Inc., and*

*Rothschild & Co Asset Management US Inc.*